UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ZAIDA AGOSTO                                                                    **CV**

                                Plaintiff,
      -against-                                                                         **COMPLAINT**

LENOX AVENUE DEVELOPMENTS LLC                           **JURY TRIAL REQUESTED**

                                Defendant.
------------------------------------------------------------------x

## COMPLAINT

Plaintiff Zaida Agosto (hereafter referred to as "Plaintiff"), by counsel, The Parker Law Group P.C., as and for the Complaint in this action against Defendant Lenox Avenue Developments LLC (referred to as "Defendant"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1. This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the Defendant. In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages, nominal damages, and attorney's fees, costs, and expenses to redress Defendant's unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations; the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"); the New York State Civil Rights Law, § 40 *et. seq.*; and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York ("Administrative Code"). As explained more fully below, Defendant owns, leases, leases to, operates, and controls a place of public accommodation that violates the above-mentioned laws. Plaintiff also alleges a claim for Negligence and seeks damages for

1

bodily injury proximately caused by the Defendant's Negligence. Defendant is vicariously liable for the acts and omissions of its employees and agents for the conduct alleged herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant's acts of discrimination alleged herein occurred in this district and Defendant's place of public accommodation that is the subject of this action is located in this district.

## PARTIES

4. Defendant Lenox Avenue Developments LLC owns the property located at 339 Lenox Avenue in New York County, New York (hereinafter referred to as "339 Lenox Avenue").

5. At all relevant times, Defendant leases property located at 339 Lenox Avenue to a retail convenience store doing business as Essex (hereinafter referred to as "Essex").

6. Defendant Lenox Avenue Developments LLC is a New York Limited Liability company, having its principal place of business at 100 Park Avenue, Suite 2805, New York, New York 10017.

7. Defendant is licensed to and does business in New York State.

8. At all times relevant to this action, Plaintiff Zaida Agosto has been and remains currently a resident of New York, New York.

9. 339 Lenox is located at the corner of Lenox Avenue and West 127th Street in Manhattan.

10. Plaintiff lives just two blocks away from 339 Lenox. Plaintiff travels by 339 Lenox several times a week.

11. At all times relevant to this action, Plaintiff Zaida Agosto has medical conditions that inhibit walking and restrict body motion range and movement. Because of her disabilities, Plaintiff utilizes a cane for mobility and entrance steps present an obstacle to her.

12. In early 2024, Plaintiff was traveling on Lenox Avenue and desired to purchase a beverage at Essex. Plaintiff, however, was unable to enter Essex because of the entrance steps.

13. There is only one public entrance to Essex and that entrance is located on Lenox Avenue.

14. There is no signage at the entrance to Essex indicating the location of an accessible entrance. Nor is there any sign displaying a number to call for assistance with an accessible means to enter Essex.

15. On the West 127 Street side of the building, there is a ramp leading to a metal rolled down gate. This metal rolled down gate is kept locked with a padlock.

16. Below is a picture of the ramp with the metal rolled down gate and the padlock can be observed on the lower right side just below the top handrail:



17. Plaintiff frequently patronizes the stores in her neighborhood for food and beverages. Plaintiff desires to patronize Essex in the future to purchase food and beverages as needed.

4

## **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

18. Defendant is a public accommodation as it owns, leases, leases to, controls or operates a place of public accommodation, the Essex premises located at 339 Lenox Avenue, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102(9)).

19. The Essex premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-102(9)) as it is a facility operated by a private entity and its operations affect commerce.

20. Numerous architectural barriers exist at the Essex premises that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

21. In or around 2013, the interior and exterior of 339 Lenox was partially demolished and renovated to create a commercial space. Approximately $35,000 was spent on this work.

22. In or around 2019, Defendant spent approximately $500,000 on renovations to the building including renovations to the interior and the storefront.

23. Upon information and belief, further alterations were made to the Essex premises, and to areas of 339 Lenox Avenue related to the Essex premises.

24. The services, features, elements and spaces of the Essex premises are not readily accessible to, or usable by Plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United

States Department of Justice in 1991 as the Standards for Accessible Design (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design (hereinafter referred to as the "2010 Standards" or the "2010 ADA").

25. Because of Defendant's failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas of the Essex premises that are open and available to the public.

26. Defendant's place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, and/or the Building Code of the City of New York ("BCCNY").

27. An entrance with a step is no different than a sign informing people with disabilities to "keep out." *See* 134 Cong. Rec. S10,454, 10,491 (1988) (statement of Sen. Simon) (noting that the architectural barriers are like "Keep Out" signs to the disabled).

28. Barriers to access that Plaintiff experienced, encountered and/or which deter Plaintiff from patronizing the Essex premises as well as architectural barriers that exist include, but are not limited to, the following:

I. Defendant does not provide an accessible public entrance. See 28 C.F.R. § 36.304(c); and 1991 Standards §§ 4.1.1(1); 4.1.3(8), 4.32, and 4.14; and 2010 Standards §§ 206.1, 206.2, 206.3, 206.2.4, 206.4; and BCCNY §§ 1101.2, 1104.1, 1103.1.

II. The primary entrance to defendants' public accommodation is not accessible. See Administrative Code §§ 27-292.5(a) and 27-357(d).

III. Defendant fails to provide an accessible route to the primary entrance from the sidewalk and/or street.  See Administrative Code § 27-292.5(b).

IV. Defendant does not provide an accessible route from public transportation stops, accessible parking, public streets or sidewalks to the building entrance that coincides with the general circulation path used by patrons to the public accommodation thereby relegating plaintiff to a "second class citizen" entrance and exit.  See 1991 Standards §§ 4.3.2(1), 4.1.2(1), 4.1.1(1) and 4.14.1; 2010 Standards §§ 206.1, 206.2, 206.3, 206.2.4, 206.4; and BCCNY § 1104.5.

V. At the inaccessible public entrance, Defendant does not provide and display the International Symbol of Accessibility with the required information indicating the location of a designated and nearest accessible entrance.  See 1991 Standards §§ 4.1.6(l)(h), 4.1.3(8)(d), 4.30.1, 4.30.7, 4.30.3 and 4.30.6; 2010 Standards §§ 216.6, 703.7.2.1, 703.5; and Administrative Code § 27-292.18.

VI. Defendant has an inaccessible public entrance and fails to provide and display the International Symbol of Accessibility at a designated accessible entrance.  See 1991 Standards §§ 4.1.2(7)(c), 4.1.6(l)(h), 4.1.3(8)(d), 4.30.1, 4.30.7, 4.30.3 and 4.30.6; 2010 Standards §§ 216.6, 703.7.2.1, 703.5; and Administrative Code § 27-292.18.

VII. Defendant fails to provide accessible entrances in a number at least equivalent to the number of exits required by the New York Building and Fire Codes.  See 1991 Standards §§ 4.1.3(8)(a)(ii), 4.1.3(9), 4.3.10; 2010 Standards § 207.1; and Administrative Code §§ 27-354 and 27-365.

VIII. Defendant fails to ensure that at least 50% and/or 60% of all its public entrances are accessible.  See 1991 Standards § 4.1.3.8(a)(i); and 2010 Standards §§ 206.4.1, and 404.

IX. Defendant fails to provide that an accessible route from the primary entrance to the entire interior is equivalent to the route afforded to the non-disabled.  See Administrative Code § 27-292.5(b).

X. The property owner defendant failed to provide an accessible entrance to the tenant.  See 1991 Standards § 4.1.3(a)(iii); 2010 Standards § 206.4.5, 404; Administrative Code § 27-362; and BCCNY § 1105.1.6.

XI. Defendant fails to provide that no changes in level exist inside the required minimum maneuvering clearance at the ground space in front of the public entrance door.  See 1991 Standards §§ 4.37, 4.13.6, 4.3.8, 4.5.2; and 2010 Standards §§ 305.2, 302, 304.2, 404.2.4.4.

7

XII. Defendant fails to provide that the sales and/or service counter is accessible. See 1991 Standards § 7.2; 2010 Standards §§ 227.3, 227.1, 904.4; and BCCNY §§ 1109.12, 1109.12.3.

XIII. Defendant fails to provide a portion of the sales and/or service counter that is no greater than 36 inches above the finish floor and no less than 36 inches in length. See 1991 Standards § 7.2; 2010 Standards §§ 227.1, 227.3, 904.4; and BCCNY §§ 1109.12, 1109.12.3.

XIV. Defendant fails to provide that the running slope of the ramp/walkway is no greater than the maximum permissible slope. See 1991 Standards §§ 4.1.3(1), 4.3.7, 4.8.1, 4.8.2; and 2010 Standards § 405.2.

XV. Defendants have not used the least steep possible slope for the ramp/walkway. See 1991 Standards § 4.8.2; and 2010 Standards § 405.

XVI. Defendant fails to provide a level landing that is sixty inches in length and of equal width to the ramp at the top and bottom of the ramp. See 28 C.F.R. §§ 36.302(a), 36.304(e); 1991 Standards §§ 4.1.3(1), 4.3.7, 4.3.8 and 4.8.4; and 2010 Standards § 405.7.

XVII. Defendant fails to provide handrails on both sides of the ramp/walkway that have a running slope greater than 5% and rises more than 6 inches in height. See 28 C.F.R. §§ 36.302(a), 36.304(e); 1991 Standards §§ 4.1.3(1) and 4.8.5; 2010 Standards §§ 403.6, 405.8, 505, 505.2.

XVIII. Defendant fails to provide handrails that are continuous from the top to the bottom of the ramp/walkway. See 1991 Standards § 4.8.5(1); and 2010 Standards § 505.3.

XIX. Defendant fails to provide that the handrails extend at least 12 inches beyond the top and bottom of the ramp/walkway in a parallel and rounded return. See 1991 Standards §§ 4.8.5(2), 4.8.5(6); and 2010 Standards § 505.10.

29. Upon information and belief, a full inspection of the Essex premises will reveal the existence of other barriers to access.

30. As required by the ADA (remedial civil rights legislation) to properly remedy Defendant's discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the Essex premises in order to catalogue and cure all of the areas of non-compliance with the ADA. Notice is therefore given that Plaintiff intends to

amend the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

31. Defendant has denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

32. Defendant has not satisfied its statutory obligation to ensure that its policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have Defendant made or provided accommodations or modifications for persons with disabilities.

33. Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendant's non-compliance with the laws prohibiting disability discrimination. The barriers to access within the Essex premises continue to exist and deter Plaintiff.

34. Plaintiff frequently travels to the area where the Essex premises are located.

35. Plaintiff intends to patronize the Essex premises several times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

36. Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether the Essex premises are fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

37. Plaintiff intends to patronize the Essex premises several times a year as "tester" to monitor, ensure, and determine whether the Essex premises is fully accessible

and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

## FIRST CAUSE OF ACTION
(**VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**)

38. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

39. Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.

40. Plaintiff also qualifies as an individual associated with people with disabilities and suffers discrimination because of her association in violation of 42 U.S.C. § 12182 (b)(1)(E).

41. The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation. 28 C.F.R. 36.201(b).

42. Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring its obligations to the other by contract (i.e., lease agreement). 28 C.F.R. 36.201(b).

43. Defendant has and continues to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use its place of public accommodation all because Plaintiff is disabled. Defendant's policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

44. By failing to comply with the law in effect for decades, Defendant has articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of its public accommodation.

45. Defendant has discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards. See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

46. The Essex premises are not fully accessible and fail to provide an integrated and equal setting for people with disabilities, in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

47. Defendant failed to make alterations accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

48. The paths of travel to the altered primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

49. Defendant failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make Defendant's place of public accommodation fully accessible.

50. By failing to remove the barriers to access where it is readily achievable to do so, Defendant has discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

51. In the alternative, Defendant has violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

52. Defendant's failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

53. Defendant has and continues to discriminate against Plaintiff in violation of the ADA by failing to maintain and/or create an accessible public accommodation.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

54. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

55. Plaintiff has various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range. Plaintiff therefore has from a disability within the meaning of the Executive Law § 296(21).

56. In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

57. By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

58. Defendant has and continues to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use its place of public accommodation all because Plaintiff is disabled.

59. Defendant discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation.  Each of the Defendant has aided and abetted others in committing disability discrimination.

60. Defendant has failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

61. In the alternative, Defendant has failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(iv)).

62. It would be readily achievable to make Defendant's place of public accommodation fully accessible.

63. It would not impose an undue hardship or undue burden on Defendant to make its place of public accommodation fully accessible.

64. As a direct and proximate result of Defendant's unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

65. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## **THIRD CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)**

66. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

67. Plaintiff has various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range - and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102(16)).

68. Plaintiff qualifies as an individual associated with people with disabilities and suffers discrimination because of her association in violation of § 8-107(20) of the NYCHRL.

69. Defendant has and continues to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of its place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).  Each of the Defendant has aided and abetted others in committing disability discrimination.

70. Defendant has and continues to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

71. Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating and/or maintaining an inaccessible commercial facility/space.

72. Defendant has subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of its commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

73. Defendant's policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107(4)).

74. In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendant has and continues to, aid and abet, incite, compel, or coerce each other in each of the other Defendant's attempts to, and in its acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of its commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

75. Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk.  As a result, Lenox Avenue Developments LLC continuously controlled, managed, and operated the public sidewalk abutting 339 Lenox Avenue, which includes the portion of the sidewalk constituting the entrance to Defendant's place of public accommodation.

76. Lenox Avenue Developments LLC's failure to construct and maintain an accessible entrance from the public sidewalk to Defendant's place of public accommodation constitutes disability discrimination in a violation of the Administrative Code.

77. Defendant's conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

78. Because Defendant's public accommodation is not readily accessible and usable by people with disabilities, Defendant has demonstrated a policy or practice that has a disproportionately negative impact on people with disabilities (including Plaintiff).

79. Defendant's conduct constitutes an ongoing and continuous violation of the NYCHRL.  Unless Defendant is enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law.  In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendant's public accommodation.

80. As a direct and proximate result of Defendant's unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

81. Upon information and belief, Defendant's long-standing refusal to make its place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

82. By failing to comply with the law in effect for decades, Defendant has articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of its public accommodation.

83. Defendant engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

84. By refusing to make its place of public accommodation accessible, Defendant has unlawfully profited from its discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space. Defendant's unlawful profits plus interest must be disgorged.

85. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

86. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

87. Defendant discriminated against Plaintiff pursuant to New York State Executive Law.

88. Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

89. Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## FIFTH CAUSE OF ACTION
### (COMMON LAW NEGLIGENCE)

90. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

91. Defendant negligently designed, constructed, operated, repaired, and maintained its place of public accommodation located at 339 Lenox Avenue in a manner that has rendered its place of public accommodation unsafe to the disabled Plaintiff.

92. At all relevant times, Defendant, who hold its property open to the public, have had a duty to patrons such as Plaintiff to design, construct, operate, repair, and maintain its place of public accommodation located at 339 Lenox Avenue in a reasonably safe condition.

93. Defendant breached its duty by negligently designing, constructing, operating, repairing, and maintaining its place of public accommodation located at 339 Lenox Avenue in a manner that has unreasonably endangered the Plaintiff's physical safety and caused bodily injury to Plaintiff.

94. Defendant's failure to design, construct, operate, repair, and maintain its place of public accommodation located at 339 Lenox Avenue in a manner that is safe to the disabled Plaintiff has proximately caused Plaintiff to suffer bodily injury.

95. Defendant has had actual and constructive notice that its place of public accommodation located at 339 Lenox Avenue is not safe to people with disabilities.

96. As a direct result of Defendant's negligence, Plaintiff has suffered and continues to suffer a bodily injury in an amount to be determined at trial.

## INJUNCTIVE RELIEF

97. Plaintiff will continue to experience unlawful discrimination because of Defendant's failure to comply with the above-mentioned laws. Therefore, injunctive

relief is necessary to order Defendant to alter and modify its place of public accommodation and its operations, policies, practices, and procedures.

98. Injunctive relief is also necessary to make Defendant's facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

99. Injunctive relief is further necessary to order Defendant to provide auxiliary aids or services, modification of its policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendant, jointly and severally, in favor of Plaintiff that contains the following relief:

A. Enter declaratory judgment declaring that Defendant has violated the ADA and its implementing regulations, NYSHRL and NYCHRL and declaring the rights of Plaintiff as to Defendant's place of public accommodation, and Defendant's policies, practices, and procedures;

B. Issue a permanent injunction ordering **Defendant to close and cease all business** until Defendant remove all violations of the ADA, the 1991 Standards or the 2010 Standards, NYSHRL and NYCHRL, including but not limited to the violations set forth above;

C. Retain jurisdiction over the Defendant until the Court is satisfied that the Defendant's unlawful practices, acts and omissions no longer exist and will not reoccur;

D.  Award Plaintiff compensatory damages and nominal damages because of Defendant's violations of the NYSHRL and the NYCHRL;

E.  Award Plaintiff punitive damages to punish and deter the Defendant for its violations of the NYCHRL;

F.  Award Plaintiff the monetary penalties for each violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G.  Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYCHRL, and the ADA; and

H.  For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: May 21, 2024
      New York, New York

Respectfully submitted,

**THE PARKER LAW GROUP P.C.**

By:_____
    Glen H. Parker, Esq.
    Attorneys for Plaintiff
    28 Valley Road
    Montclair, New Jersey 07042
    Telephone: (347) 292-9042
    Email: ghp@parkerlawusa.com